IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tony Lee Brewington, ) | CIVIL ACTION NO. 9:12-2411-DCN-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Nurse Joann, Lt. Shampagain, a/k/a ) | |
| Shampaign and Officer Staton, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, a pre-trial detainee at the Laurens County Detention Center, alleges violations of his constitutional rights by the named Defendants.

The Defendant JoAnne Ross (identified in the caption of the Complaint as "Nurse Joann) filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on February 15, 2013. The remaining Defendants Champagne (misspelled "Shampagain" in the caption of the Complaint) and Staton also filed a Rule 56 motion for summary judgment on March 6, 2013. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on March 8, 2013, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motions may be granted, thereby ending his case.

Plaintiff filed a letter response to the Defendants' motions on March 14, 2013 and a supplemental response on March 18, 2013. The docket reflects that Plaintiff also submitted a letter



discussing the facts of his case on January 4, 2013, which has also been considered by the Court. These motions are now before the Court for disposition.[1]

## Background and Evidence

Plaintiff alleges in his verified Complaint[2] that he was working on a cleanup crew on or about July 7, 2012 when he was "hurt or caught something on my right arm . . . .". Plaintiff alleges he told the Defendant Ross (Nurse Joann) and she said it was "nothing". Plaintiff alleges that after a couple of days it "started to get worse", so Ross put him on "some kind" of pill. Plaintiff alleges that his injury kept getting worse, but when he showed it to the Defendant Champagne "she had me put in lockup where I was also maced by her because I was hurting and got [angry] over this matter".

Plaintiff alleges that a "couple" of days later, he was taken to the hospital, where he was not treated properly for his pain. Plaintiff alleges he was thereafter taken away from the hospital by the Defendant Staton even though "they" (presumably the hospital staff) were not finished with him. Plaintiff alleges he never saw any of the paperwork from his hospital visit, but that he did ask about his pain medications and he was put on "dispensary".

Plaintiff further alleges (in the second of these two filed Complaint forms) that the

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), D.S.C. The Defendants have filed motions for summary judgment. As these are dispositive motions, this Report and Recommendation is entered for review by the Court.

[2] In this Circuit, verified complaints by pro se litigants are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff's Complaint filing actually includes two separate Complaint forms, both of which have been reviewed and considered.



injury to his arm was the result of a "bite or something". Plaintiff alleges that when he was taken to the hospital, he was seen by a nurse who "stuck me with a needle and pushed all kinds of white stuff out of my arm." Plaintiff alleges that he "never got to finish with Dr. there" because Staton took him from the hospital. Plaintiff alleges that on July 18, 2012, the hospital called and talked to "Officer Baker" and told him they were not finished with the Plaintiff, but that Plaintiff never got to see any of the paperwork from the hospital and never received the pain medications that the doctor discussed with him. Plaintiff further alleges that the nurse at the hospital told him his arm would need to be cleaned after she had "wrap[ed] it", but that the Defendant Ross "never did anything but give me band-aids and told me to change it".

Plaintiff alleges that he asked to see the Captain and the Major, but has never received responses to his requests. Plaintiff also generally complains about never receiving cleaning supplies and that the jail is "real nasty". Plaintiff alleges that he was treated "like [an] animal by all 3 of these workers and also I have a scar I won't ever get [rid] of and hurt in my right arm". Plaintiff seeks monetary damages for his complaints. See generally, Plaintiff's Verified Complaint Forms.

In his filing of January 4, 2013, Plaintiff states that he would never have had to go to the hospital if Nurse Ross had treated him properly, and that while she put him on medications that she thought he should have, she was very rude in doing so. Plaintiff also states that his arm was in "abscess". Plaintiff complains that he never saw a doctor when he was in the lockup for several days, and that Ross also failed to treat him when he came back from the hospital emergency room. In this filing, in addition to complaints about his arm, Plaintiff also complains that he has had high blood pressure and headaches since he got the infection in his arm, and that he wants payment for his pain and suffering.



In support of summary judgment in the case the Defendant JoAnne Ross has submitted an affidavit where she attests that she is a licensed LPN, and that she is an employee of Southern Health Partners and is the Administrative Team Leader at the Laurens County Detention Center. Ross attests that, as team leader, she is responsible for keeping the medical records of the inmates at the Detention Center, and that as such she is familiar with the Plaintiff and his medical history. Ross attests that on July 12, 2012, Plaintiff asked her to look at his arm, which she did. Ross further attests that she requested an order for Bactrim, an antibiotic, which was received and given to Plaintiff for what was an abscess. Ross attests that by July 15, 2012 the abscess was very red and swollen, so the doctor ordered Keflix. Ross attests that she continued to monitor Plaintiff's arm and keep it covered with a bandage, and that on July 18, 2012 the Plaintiff was sent to the emergency room for "I & D". Ross attests that on July 19, 2012 the Plaintiff received further antibiotics from the hospital, and that by July 26, 2012 "the healing was more or less complete and Plaintiff was told to notify medical in the event it reoccurred." Ross attests that Plaintiff has not complained about his arm since July 2012. See generally Ross Affidavit. Ross has also attached a copy of the medical progress notes for the relevant dates to her motion for summary judgment as attached Exhibit A.

The Defendant Francine Champagne has submitted an affidavit wherein she attests that she is a Lieutenant employed by the Laurens County Sheriff's Department. Champagne has attached to her affidavit as exhibits various documents relating to the Plaintiff. Champagne attests that Plaintiff was booked into the Laurens County Detention Center on December 31, 2011 on a charge of armed robbery. Champagne attests that, upon information and belief, Plaintiff requested medical care on July 12, 2012, whereupon he was promptly evaluated by the Laurens County Detention Center medical staff. Champagne attests that she did not have any personal or direct



involvement with the allegations set forth in the Complaint concerning Plaintiff's medical care and/or treatment. Champagne further attest that, with respect to the macing incident Plaintiff references in his Complaint, this occurred on July 16, 2012 when Plaintiff was "angry and aggressive" and repeatedly refused to comply with numerous requests and/or directives to return to his room. Champagne further states, however, upon information and belief, that she does not believe Plaintiff is intending to assert a separate claim in this lawsuit with respect to this incident.

The exhibits attached to Champagne's affidavit include Plaintiff's arrest documents as well as various medical records showing the care and treatment Plaintiff received for his medical complaints. These records show that following Plaintiff's initial complaint of arm pain on July 12, 2012, he was seen on that date, and was thereafter seen twice on July 15, 2012, twice on July 16, 2012, and again on July 18, 2012, July 19, 2012 and July 26, 2012, by which time the notation reads that Plaintiff's arm was better and that his abscess was "now complete". This entry also reflects that Plaintiff was asked to notify medical if symptoms reoccurred or appeared. The next medical entry referencing the Plaintiff is not until almost three months later, and concerns Plaintiff receiving some nasal ointment. Plaintiff's records from the hospital are also attached as an exhibit, and show that Plaintiff was seen on July 18, 2012, had his abscess drained, and was prescribed some medications. The hospital records further indicate that Plaintiff was to be seen at the jail in the next one or two days as a followup, and the jail progress notes reflect that Plaintiff was in fact seen by medical staff at the jail the following day, July 19, 2012. See generally, Champagne Affidavit, with attached Exhibits.



Plaintiff has submitted no evidence or exhibits in support of his claim.[3]

### Discussion

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991). Once the moving party makes this showing, however, the opposing party must respond to the motion with specific facts showing there is a genuine issue for trial. Baber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992). Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, after careful review and consideration of the arguments and evidence submitted, the undersigned finds and concludes for the reasons set forth hereinbelow that the Defendants are entitled to summary judgment in this case.

Since Plaintiff was a pre-trial detainee during the time period set forth in the complaint, his claims are evaluated under the due process clause of the Fourteenth Amendment; Bell

---

[3]Plaintiff did submit three pages from Defendants' exhibits on which he made a few notations. See Court Docket No. 45-1.



v. Wolfish, 441 U.S. 520, 535 (1979); although for purposes of consideration of Plaintiff's claims, the standard of whether Plaintiff received constitutionally adequate medical care and/or his conditions of confinement met constitutional muster is essentially the same. See Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988)[Holding that the 14th Amendment guarantees at least 8th Amendment protections]. Under this standard, in order to proceed with his claim for denial of adequate medical care, Plaintiff must present evidence sufficient to create a genuine issue of fact as to whether any named Defendant was deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Farmer v. Brennen, 511 U.S. 825, 837 (1994); Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986); Wester v. Jones, 554 F.2d 1285 (4th Cir. 1977); Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975); Belcher v. Oliver, 898 F.2d 32 (4th Cir. 1990). As for any other possible claim being asserted, Plaintiff must submit evidence sufficient to give rise to a genuine issue of fact as to whether any named Defendant was deliberately indifferent to a known risk of harm to him, the standard for proving a conditions of confinement claim. Levy v. State of Ill. Dept. of Corrections, No. 96-4705, 1997 WL 112833 (N.D.Ill. Mar. 11, 1997)["A defendant acts with deliberate indifference . . . if he or she 'knows of and disregards' an excessive risk to inmate health or safety].

With respect to Plaintiff's medical claim, Plaintiff has submitted no evidence to show that he received improper medical care or treatment for his complaints about his arm, or for any other medical condition. To the contrary, the evidence before the Court shows that Plaintiff was promptly treated on the day he made his complaint, and that he was thereafter repeatedly seen for followup including being sent to an outside hospital for evaluation and treatment. Nurse Ross, a licensed medical professional, attests to the care and treatment Plaintiff received, and there is nothing in the



medical records and evidence submitted to this Court which gives rise to a genuine issue of fact as to whether any named Defendant was deliberately indifferent to a serious medical condition. Indeed, in contrast to the Defendants' evidence from a licensed medical professional as well as hospital and other records, Plaintiff only generally complains in his Complaint and his other filings about the nature of his treatment (while conceding that he was receiving treatment), and/or that he did not receive the treatment he desired. Such general and conclusory claims and allegations, without any supporting evidence, are not sufficient to allow this claim to proceed. Green v. Senkowski, 100 Fed.Appx. 45 (2d Cir. 2004) (unpublished opinion) [finding that plaintiff's self-diagnosis without any medical evidence insufficient to defeat summary judgment on deliberate indifference claim]; Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985)[Disagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim absent exceptional circumstances].

      While Plaintiff may not agree with the extent and nature of the medical care he received, he cannot simply allege in a conclusory fashion that he did not receive constitutionally adequate medical care or attention, otherwise provide no supporting evidence, and expect to survive summary judgment, particularly when the Defendants have submitted medical documents and evidence which refute his claims. See House v. New Castle County, 824 F.Supp. 477, 485 (D.Md. 1993) [Plaintiff's conclusory allegations insufficient to maintain claim]; see Scheckells v. Goord, 423 F.Supp. 2d 342, 348 (S.D.N.Y. 2006) (citing O'Connor v. Pierson, 426 F.3d 187, 202 (2d Cir. 2005) ["Lay people are not qualified to determine...medical fitness, whether physical or mental; that is what independent medical experts are for."]); Levy, No. 96-4705, 1997 WL 112833 ["A defendant acts with deliberate indifference only if he or she 'knows of and disregards' an excessive risk to inmate

8



health or safety.'"], quoting Farmer, 511 U.S. at 837 (1994). Plaintiff may, of course, pursue a claim in state court if he believes the medical care he received while at the Detention Center was inadequate. However, that is not the basis for a constitutional claim. See DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 200-203 (1989) [§ 1983 does not impose liability for violations of duties of care arising under state law]; Baker v. McClellan, 443 U.S. 137, 146 (1976) [§ 1983 claim does not lie for violation of state law duty of care]. The evidence before the Court is insufficient to raise a genuine issue of fact as to whether any named Defendant was deliberately indifferent to his serious medical needs, the standard for a constitutional claim, and therefore Plaintiff's federal § 1983 medical claim should be dismissed. Estelle, 429 U.S. at 106 ["medical malpractice does not become a constitutional violation merely because the victim is a prisoner."]; see also Brooks v. Celeste, 39 F.3d 125 (6th Cir. 1994); Sellers v. Henman, 41 F.3d 1100 (7th Cir. 1994); White v. Napoleon, 897 F.2d 103, 108-109 (3d Cir. 1990); Smart v. Villar, 547 F.2d 112 (10th Cir. 1976) [affirming summary dismissal].

Finally, while Plaintiff also asserts some general dissatisfaction with the jail conditions at the Detention Center and mentions that the Defendant Champagne used force against him on one occasion, it does not appear that these references are the reason for this lawsuit or the basis of the claim being asserted. In any event, even if Plaintiff had intended for any of these assertions to also be claims in this lawsuit, such general, conclusory, and factually unsupported allegations, without any supporting evidence, fail to provide a basis for proceeding with respect to any of these complaints.[4] House, 824 F.Supp. at 485 [Plaintiff's conclusory allegations insufficient to maintain

---

[4]Even with respect to Plaintiff's comment that he was at one time maced by the Defendant Champagne, the fact that Plaintiff may have had mace used against him does not by itself state a
(continued...)



claim]; Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987) ["Even though pro se litigants are held to less stringent pleading standards than attorneys the court is not required to 'accept as true legal conclusions or unwarranted factual inferences.'"]; Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002)[Plaintiff has burden of alleging facts sufficient to state all the elements of a claim]; Johnson v. Reno Police Chief, 718 F.Supp. 36, 38 (D.Nd. 1989)["Even a pro se plaintiff may not rely wholly on conclusory allegations, but rather must allege facts which, if proven would entitle the plaintiff to relief"].  Therefore, any such claims should be dismissed.

## Conclusion

Based on the foregoing, it is recommended that the Defendants' motions for summary judgment be **granted**, and that this case be **dismissed**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

March 18, 2013
Charleston, South Carolina

---

⁴(...continued)
claim, as the use of mace by prison officials is not a *per se* violation of a prisoner's constitutional rights.  Norris v. District of Columbia, 614 F.Supp. 294 (D.D.C. 1985), aff'd, 787 F.2d 675 (D.C.Cir. 1986); Peterson v. Davis, 551 F.Supp. 137 (D.Md. 1982), aff'd without op., 729 F.2d 1453 (4th Cir. 1984); O'Connor v. Keller, 510 F.Supp. 1359 (D.Md. 1981); Brock v. Robinson, 378 F.Supp. 1263 (W.D.Pa. 1974); Collins v. Schoonfield, 363 F.Supp. 1152 (D.Md. 1973); Davis v. United States, 316 F.Supp. 80 (E.D.Mo. 1970), aff'd 439 F.2d 1118 (8th Cir. 1971); Williams v. Dehay, Nos. 94-7114, 94-7115, 1996 WL 128422 **2-3 (4th Cir. March 21, 1996).



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29401

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

11

